## Perkins v. Pittsburgh Railways Co.

*Edward S. Sheinberg* and *Herbert G. Sheinberg*, for plaintiff.

*Prichard, Lawler & Geltz*, for defendant.

MONTGOMERY, J., July 26, 1955.—This case arises upon defendant's motion for an order of sanction against plaintiff for failure to answer 43 interrogatories propounded by defendant. Plaintiff, Ouida Perkins, instituted suit against the Pittsburgh Railways Company for injuries sustained while a passenger on defendant's bus. Sometime after the accident, an investigator, representing defendant, called upon plaintiff to secure a written statement from her concerning the details of said accident. Plaintiff complains, and is willing to so testify that at the time the investigator took her statement she requested a copy for herself before signing the statement, and that the investigator promised that a copy of the statement would be prepared and mailed to her. She further claims she relied upon this promise in consenting to sign the statement. It further appears that plaintiff or her attorney has requested defendant on numerous occasions to give plaintiff a copy of the statement, but said copy has not been furnished to her.

Plaintiff therefore contends that she should not be required to answer many of the interrogatories here in issue which are designed to elicit the same information obtained by defendant's investigator in procuring plaintiff's statement. The basis for this contention is that under Pa. R. C. P. 4011(a), defendant is seeking discovery in "bad faith" by not furnishing plaintiff with a copy of her statement as promised her. Plaintiff believes her written and signed statement answers many of the interrogatories defendant now asks the court to sanction plaintiff for refusing to answer.

The very purpose of rules of discovery is to substantially aid a party with the preparation of the pleadings or the preparation of the trial of the case. It is the opinion of this court that if defendant is seeking answers to the interrogatories in good faith, then there should be no objection to furnishing plaintiff with a copy of her prior written statement. Otherwise, it would appear that defendant's motive is not to obtain aid in the preparation of its case but rather to place plaintiff in an unfavorable tactical position. Therefore, this court will not sanction plaintiff for refusing to answer the interrogatories, other than those interrogatories requesting the names of witnesses, unless defendant furnishes plaintiff with a copy of her written statement.

An order will be drawn accordingly.

## Order

And now, to wit, July 26, 1955, upon a consideration of the petition and answer thereto, and the briefs submitted in behalf of the parties, it is ordered and decreed that defendant's motion for an order of sanction of plaintiff for refusing to answer interrogatories be and is hereby refused except that the motion as to those interrogatories filed by defendant requesting the names of other witnesses to the accident be and is hereby granted.

It is further ordered and decreed that upon defendant furnishing plaintiff with a true and correct copy of the written statement taken by defendant's investigator, an order of sanction be entered against plaintiff.

Eo die exception noted to defendant, Pittsburgh Railways Company.